**Mastrey v. Pennbank**

534

*William Taggart* and *Katherine Benesch,* for plaintiff.

*Roger H. Taft,* for defendant.

JOYCE, *J.,* May 24, 1991—Defendant, Pennbank, assigns three issues for review and determination for summary judgment purposes.

The first issue concerns whether or not defendant, Pennbank, improperly discharged plaintiff, Theresa Mastrey, in violation of a clearly defined public policy. Plaintiff recognizes that her employment with defendant, Pennbank, was an at-will employment and therefore in order for her to succeed under a wrongful discharge theory of recovery she must plead and prove that her unlawful discharge was in violation of a clearly defined public policy. In this light plaintiff has pled that she was discharged from the services of defendant due to her requirement of testifying on several occasions before an investigating grand jury relative to the homicide of a local bookmaker and loan shark.

Defendant, Pennbank, denies that the termination of plaintiff was due to her being subpoenaed and

testifying before the grand jury, and to the contrary, has alleged in counter-response that plaintiff's discharge was due to testimony she provided during a murder trial which included testimony that she had placed approximately $35,000 that belonged to another bookmaker in her safe deposit box for safekeeping and to prevent the government from learning of its true owner. There was additionally an allegation that sometime during the beginning of plaintiff's career she forged a notary public seal on some official bank documents.

Certainly plaintiff's claim has validity if she can prove a clear violation of a clearly defined public policy such as being terminated for being subpoenaed and testifying before a grand jury concerning murder-for-hire allegations. On the other hand, notwithstanding the public policy issue, defendant, Pennbank, could avoid liability based on wrongful discharge if, in fact, defendant can prove a separate, plausible and legitimate reason for the termination, such as outlined above. See *Martin v. Capital Cities Media Inc.*, 354 Pa. Super. 199, 224, 511 A.2d 830, 843 (1986), and *Cisco v. United Parcel Service Inc.*, 328 Pa. Super. 300, 476 A.2d 1340 (1984).

A review of these issues indicates that there is a substantial question of fact, initially concerning the actual date of termination of plaintiff, and secondly and more importantly, whether or not a wrongful discharge in violation of clearly defined public policy occurred, and if so, whether defendant had a separate, plausible and justifiable reason for terminating plaintiff aside from a wrongful discharge in violation of clearly defined public policy. If there is a legitimate issue of fact to be determined then summary judgment is inappropriate and therefore

summary judgment based upon defendant's first issue is hereby denied.

Defendant, Pennbank, requests summary judgment on plaintiff's claim for fraudulent and material misrepresentations as to her employment status with defendant, Pennbank. The gravamen of plaintiff's claim is that she relied upon the statements of senior members of defendant, Pennbank, relative to her position of employment and even though not physically working at Pennbank from January 12, 1988, she did not seek employment based upon the representations of these senior bank officials. Plaintiff claims that this gives her a cause of action against defendant bank because had she known that she ultimately would not have a job with defendant, Pennbank, she would have sought employment immediately after she was placed on indefinite leave of absence/suspension, without pay (i.e. January 12, 1988).

Plaintiff, however, did file for and receive unemployment compensation immediately after she went into non-pay status with defendant. The Supreme Court of Pennsylvania has recently addressed this issue in the case of *Paul v. Lankenau Hospital,* 524 Pa. 90, 569 A.2d 346 (1990), wherein the court states, "An employee may be discharged with our [sic] without cause, and our law does not prohibit firing an employee for relying on an employer's promise." Admittedly the facts in *Paul, supra,* differ from those in the instant matter. However, the end result is that plaintiff wishes to hold defendant to a term of employment based upon oral promises which the law does not recognize. Plaintiff's relief under these circumstances is to apply for unemployment benefits, which she did receive. To allow

recovery on plaintiff's theory would be to allow double recovery against the employer.

Based upon the foregoing, plaintiff's claim for misrepresentation and detrimental reliance is stricken.

The final claim of plaintiff on which defendant requests summary judgment concerns plaintiff's allegation for punitive damages based upon a claim for intentional infliction of emotional distress.

A review of all the documents filed in this matter, including depositions, affidavits and all other associated papers, has not produced any evidence which would allow a jury to return a verdict for an intentional infliction of emotional distress, nor has the record displayed any evidence indicating that defendant, Pennbank, acted in an extreme or outrageous manner. In short, there are insufficient facts to support plaintiff's claim, and therefore summary judgment is proper as to plaintiff's count for intentional infliction of emotional distress, and the same is hereby granted.

## ORDER

And now, May 24, 1991, upon consideration of the motion for summary judgment filed on behalf of defendant, Pennbank, review of the briefs submitted by counsel and the attached opinion, it is hereby ordered and decreed that there exist no genuine issues as to any material fact concerning Counts II and III of plaintiff's third amended complaint and summary judgment is hereby entered in favor of defendant, Pennbank, as to Counts II and III. All other motions for summary judgment are denied.